UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMAR BAILEY,<br><br>                Petitioner,<br><br>vs.<br><br>(AW) JURY, ACTING WARDEN;<br><br>                Respondent. | 4:20-CV-04205-LLP<br><br><br>ORDER FOR SERVICE<br>AND<br>TO SHOW CAUSE |

      Petitioner Jamar Bailey, an inmate at the Yankton Federal Prison Camp, in Yankton, South Dakota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court directs the petition in this case be served and that a response be filed.

      A § 2241 petitioner must exhaust administrative remedies before filing. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009);  Thompson, 297 Fed. Appx. at 562; United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).  In his submissions, Mr. Bailey states he is still waiting for a response on his request for administrative remedy.  Therefore, the parties will be directed to show cause why the petition should not be dismissed for failure to exhaust administrative remedies.

      Further, Mr. Bailey requests the court appoint counsel to represent him.  There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Habeas actions are civil in nature, so the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id. The court does, however, have

discretion to appoint counsel if the interests of justice so require or if an evidentiary hearing will be held. See 18 U.S.C. § 3006A(a)(2)(B). The court will not appoint counsel at this juncture of the proceedings and accordingly denies movant's motion. This case is not legally or factually complex and the court is confident movant can present his issues himself at this point. Should an evidentiary hearing become necessary, the court will appoint counsel.

Accordingly, IT IS ORDERED that:

(1) Petitioner's motion to proceed in forma pauperis (Doc. 3) is granted. Petitioner shall pay the $5.00 filing fee by January 11, 2021.

(2) Petitioner's motion for appointment of counsel (Doc. 4) is denied.

(3) the Clerk of Court shall serve upon respondent and the United States Attorney for the District of South Dakota a copy of the petition, attachments to the petition, brief, and this order;

(4) That both respondent and Mr. Bailey shall show cause no later than January 11, 2021, why Mr. Bailey's petition should not be dismissed without prejudice for failure to exhaust his administrative remedies.

**Mr. Bailey is notified that failure to respond to the above order to show cause may result in dismissal of his petition in this court.**

DATED this 22nd day of December, 2020.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge